U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAR 2 5 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| INFINITY NETWORKS, INC, ET AL | CIVIL ACTION NO. 07-047 |
| versus | JUDGE TRIMBLE |
| FINITE VALIDATIONS, LLC | MAGISTRATE JUDGE KIRK |

### MEMORANDUM RULING

Before the court is an appeal [R. 41] of the decision of the magistrate judge denying plaintiff's motion for costs and attorney fees in conjunction with plaintiff's motion to remand which was granted by that judge.

I. **Background**

A. **Relevant Facts**

Plaintiffs Infinity Networks, Inc. (hereinafter "Infinity") and William Belt (hereinafter "Belt") filed suit in the Twelfth Judicial District Court for the Parish of Avoyelles, State of Louisiana in December of 2006, alleging that defendant James Smith (hereinafter "Smith") breached his fiduciary duty to them.[1] Plaintiffs' suit sought damages for the alleged breach, return of all assets allegedly misappropriated by Smith, a declaration of ownership from the court and injunctive relief.[2] Plaintiffs' state court petition asserts that both Infinity and Belt are

---

[1] Complaint [R. 1].

[2] Id.

1

domiciled in Avoyelles Parish, Louisiana.[3] The petition further alleges that defendant Finite Validations, LLC (hereinafter "Finite") is a Texas domiciliary but is subject to personal jurisdiction because of Belt's status as a member of the LLC.[4] Plaintiffs assert that Smith is subject to personal jurisdiction in the state of Louisiana by virtue of his "multiple and frequent contacts with and in the State of Louisiana."[5]

Defendants removed this suit to federal court in January of 2007, alleging diversity of citizenship among the parties.[6] Defendants alleged that Finite had only one member: Smith and denied that Belt was a member so as to destroy diversity as to Finite.[7]

On March 9, 2007 plaintiffs filed a motion to remand[8] alleging that this court lacked subject matter jurisdiction to hear the suit because there was no diversity of citizenship as alleged by defendants under 28 U.S.C. § 1332. In response, defendants filed a motion for hearing on the motion to remand, for jurisdictional discovery and for an extension of time to reply to motion to remand.[9] Plaintiffs opposed defendants' responsive motion and a telephone hearing was conducted concerning whether or not jurisdictional discovery was needed before adjudication of the underlying motion to remand. The court permitted jurisdictional discovery for a period

---

[3]Id., at ¶ 1.

[4]Id., at ¶ 4.

[5]Id., at ¶ 3.

[6]See R. 4.

[7]R. 4 at ¶ 5.

[8]R. 9.

[9]R. 12.

domiciled in Avoyelles Parish, Louisiana.[3] The petition further alleges that defendant Finite Validations, LLC (hereinafter "Finite") is a Texas domiciliary but is subject to personal jurisdiction because of Belt's status as a member of the LLC.[4] Plaintiffs assert that Smith is subject to personal jurisdiction in the state of Louisiana by virtue of his "multiple and frequent contacts with and in the State of Louisiana."[5]

Defendants removed this suit to federal court in January of 2007, alleging diversity of citizenship among the parties.[6] Defendants alleged that Finite had only one member: Smith and denied that Belt was a member so as to destroy diversity as to Finite.[7]

On March 9, 2007 plaintiffs filed a motion to remand[8] alleging that this court lacked subject matter jurisdiction to hear the suit because there was no diversity of citizenship as alleged by defendants under 28 U.S.C. § 1332. In response, defendants filed a motion for hearing on the motion to remand, for jurisdictional discovery and for an extension of time to reply to motion to remand.[9] Plaintiffs opposed defendants' responsive motion and a telephone hearing was conducted concerning whether or not jurisdictional discovery was needed before adjudication of the underlying motion to remand. The court permitted jurisdictional discovery for a period

---

[3]Id., at ¶ 1.

[4]Id., at ¶ 4.

[5]Id., at ¶ 3.

[6]See R. 4.

[7]R. 4 at ¶ 5.

[8]R. 9.

[9]R. 12.

of seventy-five (75) days and ordered the parties to submit briefs on the motion to remand thereafter.[10] The motion came before the magistrate judge for consideration and, as explained in his order of remand,[11] the court found that, although the Fifth Circuit has not considered the issue, every other circuit to do so has determined that an LLC has the citizenship of each of its members. As the court explained, the evidence presented in this case demonstrates that Belt is, contrary to the assertions of defendants, still a member of Finite, defeating diversity by virtue of Belt's status as a Louisiana domiciliary.[12] Accordingly, the court granted plaintiff's motion to remand.

Plaintiff's motion to remand also requested costs and attorney fees under 28 U.S.C. § 1447(c) incurred in litigating what it believed was wrongful removal. The Magistrate Judge, invoking the discretion of the court, denied this request.[13] Plaintiffs filed an appeal of the Magistrate Judge's decision on this issue which is now before us. This motion is unopposed by defendants.

B. **Applicable Standards**

Fed. R. Civ. P. 72 outlines how a magistrate judge must decide non-dispositive pre-trial matters and provides that the magistrate must issue a written order stating the decision. A party to the matter may file written objections to the order within ten (10) days of service thereof. Subsection (b)(1) of the rule directs that a magistrate judge may consider dispositive motions

---

[10] R. 15.

[11] R. 38.

[12] Id., at p. 2.

[13] Id., at p. 3.

without the consent of the parties when such matters are referred to him by the district judge and should issue his report and recommendation thereon after "required proceedings." As with non-dispositive pre-trial motions, the parties may object within ten (10) days of service of the same.[14] Subsection (b)(3) directs that a district judge must review the findings of the magistrate judge and any objections thereto de novo.

District courts within the Fifth Circuit have traditionally characterized a motion to remand as a non-dispositive motion which may be referred to the magistrate for adjudication. In City of Jackson, Miss. v. Lakeland Lounge of Jackson, Inc., the U.S. District Court for the Southern District of Mississippi explained that it adopted this view of motions to remand because they do not reach the merits, but instead determine the propriety of venue.[15] While the Fifth Circuit has characterized an award of discovery expenses and attorney fees under Rule 37 as non-dispositive and subject to review under the "manifest error" standard enunciated in Fed. R. Civ. P. 72(a), the circuit court has not reached the issue of post-trial motions for attorney fees and costs.

The decision to grant or deny attorney fees or costs is within the discretion of the court and an award of such fees and costs upon remand is not automatic under 28 U.S.C. § 1447(c).[16] A determination by the district court on this issue must be based on the objective merits of defendants' case at the time of removal.[17] Stated plainly, the court must ask whether defendants

---

[14]Fed. R. Civ. P. 72(b)(2).

[15]147 F.R.D. 122 (S.D. Miss. 1993).

[16]Valdes v. Wal-Mart Stores, Inc., 199 F.3d 290 (5th Cir. 2000).

[17]Id., at 292, citing Miranti v. Lee, 3 F.3d 928 (5th Cir. 1993).

4

had an objectively reasonable belief that removal was legally proper.[18]

## II. ANALYSIS

Plaintiffs' appeal seeks an order vacating the prior order of the magistrate judge denying plaintiffs' request for costs and attorney fees. Plaintiff asserts that defendants' removal of their suit to this forum was improper and, further, that defendants abused the jurisdictional discovery granted by this court in an effort to forestall what they knew to be inevitable remand. Plaintiffs cite several incidents in support of this argument. First, plaintiffs describe traveling to Houston, Texas to take defendant Smith's deposition and that effort being thwarted by Smith's abrupt departure from the building, which they describe as "fleeing" from the building.[19] Plaintiffs also recall an instance where defendants requested the production of more than 14,000 pages of discovery and failed to pick it up from plaintiffs' counsel after it was prepared.[20] Plaintiffs assert that defendant had no reasonable belief that removal was proper, making an award of attorney fees and costs proper in this case.

Examining the order issued by the magistrate judge, we are aware that no factual finding was made with respect to the issue of costs and attorney fees. The order simply states that the denial is made in the discretion of the court.

In Blair v. Sealift, Inc., the U.S. District Court for the Eastern District of Louisiana surveyed jurisprudence throughout various circuits and found that the post-trial motion for attorney fees and costs at issue was a dispositive motion requiring a de novo review under Fed.

---

[18] Id., at 293.

[19] Memorandum in support of appeal [R. 41] at pp. 10-11.

[20] Id., at p. 10.

R. Civ. P. 72(b).[21] The Blair court based its finding on its application of the de novo standard on the fact that the underlying action was no longer before the court when the motion for attorney fees and costs was considered, making it a separate and distinct claim from the merits of the suit.[22] Considering the foregoing, this court will review the magistrate judge's denial of attorney fees and costs de novo, applying the standard enunciated by the Fifth Circuit in Valdes.

***Did defendants have an objectively reasonable belief that removal of this suit was legally proper at the time of removal?***

Examining the record in this case, the court finds that defendants did not possess the requisite objectively reasonable belief that removal was legally proper at the time of removal. The main thrust of defendants' argument opposing remand was that Belt was only named as a member of Finite mistakenly and that this mistake had been remedied.[23] The evidence produced clearly indicates that no such remedy was taken and that, as plaintiffs averred, Belt was still a member of Finite. As pointed out by plaintiffs, the evidence upon which the magistrate's finding in favor of remand was based were Finite documents under the control of defendant Smith. Under these facts, which we note were not disputed or even answered by defendants, we cannot say that defendants possessed an objectively reasonable belief in the propriety of their removal of this suit.

Although we note the instruction of the Fifth Circuit in Valdes that the motivation of defendants is not determinative of the issue at hand, we find that defendants' actions as described

---

[21]848 F. Supp. 670 (E.D. La. 1994).

[22]Id., at 678-79.

[23]R. 12 at n. 18 and pp. 11-12.

by plaintiffs are indicative of the lack of objectively reasonable belief we find here today.

### III. CONCLUSION

Having reviewed plaintiffs' request for attorney fees and costs de novo as a dispositive motion for post-trial relief, the court finds that plaintiff's motion should be granted and that, accordingly that portion of the order issued by the magistrate judge denying such claim should be vacated. The court also finds that defendants should be taxed with all reasonable attorney fees and costs associated with plaintiff's motion to remand and the subsequent jurisdictional discovery granted by the court.

Alexandria, Louisiana  
March 25, 2008

JAMES T. TRIMBLE, JR.  
UNITED STATES DISTRICT JUDGE